UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| EXOPACK, LLC and EXOPACK –HEBRON, L.L.C., f/k/a SPECIALTY FILMS & ASSOCIATES, LLC, | C/A 7:05-CV-20-GRA |
| Plaintiffs, | **ORDER DENYING MOTION FOR CHANGE OF VENUE** |
| vs. | (Written Opinion) |
| YNOT ENAJ, INC., f/k/a SPECIALTY FILMS & ASSOCIATES, INC., B. ANTONIO CHEROT, and JANE DIRR a/k/a JANE DIRR CHEROT, | |
| Defendants. | |

This matter comes before this Court on the Defendants' Motion for Change of Venue ("the Motion"). This Court held a hearing on the Motion on April 25, 2005. Having reviewed the pleadings filed in this matter, including the Motion and the briefs filed by the parties, and having heard the arguments of counsel, the Court makes the following FINDINGS OF FACT:

1.     Defendants do not claim that venue in this Court is improper or that this Court does not have personal jurisdiction over them;

2.     Both Exopack, LLC and Exopack-Hebron, L.L.C.'s headquarters and principal places of business are located in Spartanburg, South Carolina;

3.     The witnesses are either located in South Carolina or are subject to process to compel their attendance in South Carolina;

4.     Exopack, LLC is a guarantor of any of Exopack-Hebron, L.L.C.'s financial obligations to Defendants required by the Asset Purchase Agreement; and

1

5.    Plaintiffs initiated this action on or about November 22, 2004 in the Spartanburg County, South Carolina Court of Common Pleas.

BASED ON THE FOREGOING FINDINGS OF FACT, this Court makes the following CONCLUSIONS OF LAW:

6.    This Court has jurisdiction over the Defendants in this matter, and venue is proper before this Court.

7.    Under 28 U.S.C. § 1404(a), a United States District Court Judge has the discretion to transfer venue in a civil action to any other district or division where it might have been brought, "[f]or the convenience of the parties and witnesses [and] in the interest of justice . . ." 28 U.S.C. § 1404(a).

8.    However, the plaintiff has a primary right to choose his forum and this selection is not to be easily overthrown. Akers v. Norfolk & Western Railway Co., 378 F.2d 78, 80 (4th Cir. 1967).  Additionally, "[w]ith regard to the question of change of venue, a district court is required to weigh the factors involved and 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir., 1984) (citing, Gulf Oil v. Gilbert, 330 U.S. 501, 508, 91 L.Ed. 1055, 67 S.Ct.839 (1946)).

9.    Defendants have failed to demonstrate that the balance of factors strongly favors disturbing Plaintiffs' proper choice of venue in the United States District Court for the District of South Carolina.

IT IS THEREFORE ORDERED that Defendants' Motion for Change of Venue is DENIED.

2

S/ G. Ross Anderson, Jr.
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
May ___3___, 2005